# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN AUSTIN, : | |
|     Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 22-CV-0837 |
| : | |
| DISTRICT ATTORNEY'S OFFICE : | |
| OF NORTHAMPTON COUNTY : | |
|     Respondent. : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                          **JUNE 1, 2022**

Petitioner Shaun Austin, a prisoner at SCI Dallas, has initiated this *pro se* civil action against the District Attorney's Office of Northampton County by filing a "Petition for Extraordinary Relief Pursuant to All Writs Act 28 USC 1651." (ECF No. 3 at 1-2.) Austin seeks to proceed *in forma pauperis*. (ECF No. 8.) For the following reasons, the Court will grant Austin leave to proceed *in forma pauperis* and dismiss his Petition with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   FACTUAL ALLEGATIONS[1]

Austin's claims arise from an arrest and criminal proceeding initiated against him in the Northampton County Court of Common Pleas, which was subsequently *nolle prossed*. Austin has previously filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 regarding the same arrest and criminal proceeding. *See Austin v. Morganelli*, No. 20-5497, 2021 WL 3270913, at *1 (E.D. Pa. July 30, 2021) (certificate of appealability denied *sub nom.*, *Austin*

---

[1] The following facts are taken from the Petition and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

*v. Dist. Att'y Northampton Cnty.*, No. 21-2582, 2022 WL 517133 (3d Cir. Jan. 6, 2022)).  In so doing, Austin sought *habeas* relief based on the allegation, *inter alia*, that the affidavit of probable cause for his arrest was fabricated.  *Id.*

The Honorable Gerald A. McHugh, who presided over Austin's *habeas* matter, set forth the procedural background as follows:

> [Austin] is seeking to challenge his [May 16, 2008] arrest on charges of interference with custody of children (CP-48-CR-0002006-2008). On January 13, 2010, the case was *nolle prossed.* [Austin] acknowledges that he is not in custody as a result of these charges. (Petition, ECF No. 2 at 2).
>
> In 2008, Northampton County charged [Austin] in three different matters. The first case, which he challenges here, was a single charge of interference with custody of children. The charges were dismissed with prejudice on February 15, 2013.
>
> In a second matter, [Austin] was charged with rape of a child, statutory sexual assault, involuntary deviate sexual intercourse with a person less than sixteen, and reckless endangerment (CP-48-CR-000200[7]-2008). On December 2, 2009, he was found guilty of these charges and, on March 18, 2010, he was sentenced to an aggregate term of fifteen to forty years.
>
> In a third matter, [Austin] was charged on 132 counts relating to the possession of child pornography (CP-48-CR-0002008-2008). On September 18, 2009, he was convicted on ninety-six counts. On December 22, 2009, he was initially sentenced to 72 – 192 years' imprisonment. The sentence was reversed on direct appeal. On January 13, 2012, he was resentenced to 35 – 70 years imprisonment.
>
> In 2017, [Austin] filed a petition for writ of habeas corpus challenging all three of these matters. (*Austin v. Ferguson, et al.*, Civil Action No. 17-0981). The petition contained several claims, including a challenge to evidence that was admitted during one of his trials relating an allegedly unlawful arrest for interference with the custody of a minor. This Court rejected [Austin]'s challenges to his two convictions on time-bar grounds. This Court also rejected [Austin]'s challenge to the *nolle prossed* charges set forth here, noting that the Court lacked jurisdiction to consider the challenge because [Austin] was not "in custody" as to that matter. (Civil Action No. 17-0981, Report and Recommendation at 8).

*Austin*, 2021 WL 3270913, at *1.  Judge McHugh denied Austin's *habeas* petition challenging the *nolle prossed* charges, concluding that because Austin was not in custody on those charges, an error in those proceedings could not give rise to a cognizable *habeas* claim.  *Id.*

In this civil action, Austin names the District Attorney's Office of Northampton County as a Defendant, asserting that he was unlawfully arrested on May 16, 2008.  (Pet. (ECF No. 3) at 4.)[2]  Austin's Petition sets forth the same claims previously asserted in his *habeas* petition before Judge McHugh.  According to Austin's other submissions,[3] filed contemporaneously with his Petition, Austin contends that his claims "will not grant relief of [his] current convictions, [but] will set the necessary groundwork, basically new evidence, by which [he] may attack his current convictions in the state court."  (ECF Nos. 1-1 and 2-1 at 1.)  Austin concedes that he was not convicted, nor is he currently in custody as a result of the interference with custody of a minor charge, so he cannot seek relief under 28 U.S.C. §§ 2254 or 2241.  (*Id.* at 1-2.)  Austin contends that the evidence gathered in connection with the May 16, 2008 arrest was "used to obtain convictions in other cases resulting in a miscarriage of justice."  (*Id.* at 2.)  Austin alleges that it is "necessary to challenge [the May 16, 2008] arrest and its lawfulness in order to challenge lawfulness of other convictions."  *Id.*

Austin asserts several grounds for relief concerning his May 16, 2008 arrest.  (Pet. at 3.)  Specifically, Austin asserts that the "interference with custody of a minor" arrest should "be declared unlawful" because:  (1) "the probable cause affidavit was falsified;" (2) the "police did not have a warrant or exigent circumstances to search;" (3) the "police purposefully evaded the

---

[2]  The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Austin filed a Motion for Appointment of Counsel and a Motion to Proceed *In Forma Pauperis* on the same date he filed his "Petition for Extraordinary Relief Pursuant to All Writs Act 28 USC 1651."

arrest warrant requirement;" (4) the "prosecutor LIED to the Judge" about favorable testimony; (5) the "prosecutor knowingly relied on perjured testimony;" and (6) the "prosecutor refuse[d] to take the case to trial." (*Id.* at 3-4.) Austin admits that a dismissal of the charge was granted and asserts that as a result, he "was denied the ability to demonstrate his innocence or have evidence obtained from the arrest suppressed." (*Id.* at 4.) As relief, Austin requests that the Court declare his arrest unlawful, and he seeks a new suppression hearing "wherein any and all evidence tainted by unlawful arrest be suppressed." (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Austin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint, or in this case, Petition, if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id*.

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

---

[4] However, Austin will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  The Court may also consider matters of public record in determining whether a plaintiff states a claim.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).  As Austin is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

Austin seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a), asserting that a miscarriage of justice has occurred with respect to his alleged unlawful arrest on May 16, 2008.  Under 28 U.S.C. § 1651, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  A writ of mandamus is an extraordinary remedy.[5]  *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005).  Before a writ of mandamus may issue, a party must establish that (1) "no other adequate means [exist] to attain the relief he desires," (2) the party's "right to issuance of the writ is 'clear and indisputable,' " and (3) "the writ is appropriate under the circumstances."  *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).  Austin's request for relief that would essentially reopen and redo his closed state criminal proceeding does not seek relief "in aid of" the Court's jurisdiction.  *See In re Bernard*, 419 F.

---

[5] While Austin labeled his filing as a "Petition for Extraordinary Relief," we may treat the filing as a mandamus petition.  *In re Keisling*, 363 F. App'x 915, 916 (3d Cir. 2010) (citing 28 U.S.C. § 1651; *Nascone v. Spudnuts, Inc.,* 735 F.2d 763, 773 (3d Cir.1984)).

App'x 154, 155 (3d Cir. 2011) (*per curiam*) ("Because Bernard's criminal proceedings are final and completed, his mandamus request fails at the threshold because it is not sought in aid of our appellate jurisdiction."). In any event, Austin has failed to establish a clear and indisputable right to a writ of mandamus.

Even liberally construing Austin's submission as a Complaint brought pursuant to 42 U.S.C. § 1983, his claims fail. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (explaining that when a Court is presented with a *pro se* submission, the Court must "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name"). Construing the Petition as raising Fourth Amendment claims stemming from Austin's alleged false arrest and/or illegal search and seizure that occurred on May 16, 2008, and his alleged malicious prosecution based on the dismissal of the interference with custody of a minor charge, it is apparent that any such claims have already accrued and are time-barred.

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Pennsylvania's two-year statute of limitations applies to these claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397; *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more."). The limitations period governing claims related to an allegedly illegal search and seizure generally accrues at the time of the search and seizure because at that time, "the plaintiff knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Jackson v. City of Erie Police Dep't*, 570 Fed. App'x 112, 114 (3d Cir. 2014) (*per curiam*) ("[T]he statute of limitations for claims of wrongful searches and seizures would have begun to run at the time of the searches and seizures . . . ."). Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Austin's Petition indicates that he handed it to prison authorities for mailing on February 27, 2022. (ECF No. 3-1 at 1.) However, his arrest and the related search and seizure took place on May 16, 2008. (Pet. at 4.) It is also apparent from the Petition that a preliminary hearing was held on July 1, 2008 at which Austin was charged and held pursuant to process. (*Id.*) Accordingly, to the extent Austin intends to assert claims challenging his arrest and the allegedly unlawful search and related seizure, any such claims are time-barred because they were not filed within two years of when they accrued.

On January 13, 2010, the case pertaining to the May 16, 2008 arrest was *nolle prossed,* and the single charge of interference with custody of children was subsequently dismissed with prejudice on February 15, 2013. *Austin*, 2021 WL 3270913, at *1. To the extent Austin seeks to bring malicious prosecution claims based on those events, any such claims would likewise be time-barred because those claims accrued when the charges terminated in Austin's favor more than two years before he filed this lawsuit. *See Randall v. City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (malicious prosecution claims accrue at the time the charges terminate in the litigant's favor because that is when the cause of action is complete). Since Austin cannot cure the defects in these claims, they will be dismissed with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, the Court will grant Austin leave to proceed *in forma pauperis* and dismiss this case in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be with prejudice because Austin cannot cure the defects in his claims. An appropriate Order follows, dismissing this case.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**